FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUN 18 PM 2: 12
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-043 |
| | ) | |
| GREGORY, Comm'r; | ) | |
| FORD, Warden; | ) | |
| WILLIAMS, Deputy Warden of Security; | ) | |
| WARREN, Deputy Warden of Security; | ) | |
| ULMER HOLLOMAN; | ) | |
| LT. MRS. SPENCER; and, | ) | |
| CPL. MS. WHATLEY, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner requests federal habeas corpus relief under 28 U.S.C. § 2254, challenging disciplinary proceedings conducted at Calhoun State Prison in Morgan, Georgia, which is located in the Middle District of Georgia. (Doc. no. 1.) Habeas corpus petitions filed by state prisoners are subject to the requirements of both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060-62 (11th Cir. 2003). It is the practice of this Court to transfer an action attacking a conviction to the district in which the original proceedings were conducted. See 28 U.S.C. § 2241(d); see also Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) (explaining § 2241 petitions are properly brought in the district of incarceration); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982) (approving transfer of § 2254 petition from district of incarceration to district where petitioner was convicted).

Therefore, the Court **ORDERS** the transfer of this action to the United States District Court for the Middle District of Georgia for further consideration and **DIRECTS** the Clerk to immediately forward the file to that District.

SO ORDERED this _18th_ day of June, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE